IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA L. HOLMAN-BRADFORD, | No. CIV S-07-2678-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Judgment was entered on April 8, 2010, remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Pending before the court is plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (hereinafter EAJA), 28 U.S.C. § 2412(d) (Doc. 29). Defendant opposes the motion on the basis that the Commissioner's position was substantially justified.

The EAJA authorizes an award of "fees and other expenses" to a prevailing party in a case against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. §

1

2412(d)(1)(A); see also Flores v. Shalala, 49 F.3d 562, 568-69 (9th Cir. 1995).  The burden of establishing substantial justification is on the government.  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).  In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis in both law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565.  In other words, the government's position must have had a reasonable basis both in law and fact.  See id.  A position does not have to be correct to be substantially justified.  Id. at 566 n.2; see also Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140 (9th Cir. 2001); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself.  See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990).  Where the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).  "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified."  Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores v. Shalala, 49 F.3d 562, 570 (9th Cir. 1995)).

In this case the Commissioner claims no EAJA attorney fees should be awarded to plaintiff because the government's position was reasonably justified.[1]  The Commissioner

---

[1] Defendant requests permission to file a sur-reply in response to plaintiff's reply challenging whether the Commissioner's position was reasonably justified.  The court finds no sur-reply necessary to resolve the issue, and that request is denied.

contends the government's position was reasonably justified in that it successfully defended against one of plaintiff's claims, and that the harmless error argument related to the other was reasonable, even though the court did not agree with it.

Plaintiff raised two issues in her motion for summary judgment: the ALJ erred in his treatment of the medical opinions and that the vocational expert's testimony was inconsistent with the Dictionary of Occupational Titles (DOT). As defendant argues, the court determined the ALJ did not err in the treatment of the medical opinions in the record. However, the court did agree that the ALJ erred in failing to inquire as to the reasons and evidentiary basis for the vocational expert's deviation from the DOT. The court rejected the defendant's harmless error argument. As set forth in the court's opinion, the ALJ relied on the vocational expert's testimony in determining that plaintiff could perform the job of cashier. However, the ALJ failed to inquire as to whether the vocational expert's testimony was consistent with the DOT, and if not whether the conflict could be resolved. The vocational expert also testified as to other possible jobs plaintiff could perform, but again did not provide a DOT code, nor did the ALJ inquire whether the other possible jobs were consistent withe the DOT. Because the ALJ failed to make such an inquiry relating to any possible jobs plaintiff could perform, as required by Social Security Ruling (SSR) 00-4p, and failed to address the possible conflict between the vocational expert's testimony and the DOT, the undersigned found the error could not be harmless. See <u>Massachi v. Astrue</u>, 486 F.3d 1149, 1153 (9th Cir. 2007) (finding the ALJ is explicitly required to determine if a VE's testimony deviates from the DOT, and if so there must be sufficient support for that deviation). As the inquiry is specifically required both by Social Security Ruling 00-4p and Ninth Circuit case law, the undersigned cannot find the Commissioner's position to be reasonably justified.

As for the amount of attorney fees requested, the Commissioner does not challenge the reasonableness of the hours claimed nor the hourly rate submitted. "This court has discretion in determining the amount of a fee award, including the reasonableness of the hours

3

claimed by the prevailing part." Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992) (citing Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)); see also INS v. Jean, 496 U.S. 154 (1990) (the district court's determination of what fee is reasonable under the EAJA is the same as the standard in Hensley).   The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).  The rates submitted by plaintiff's counsel are adjusted to account for cost of living increases–a rate of $166.46 per hour for services provided in 2007, $172.85 for services provided in 2008, and $172.24 for services provided in 2009-10.

Plaintiff's counsel requests a total of  $5,491.80 for 32.8  hours of work, plus costs in the amount of $60.00.[2]  District courts have found that spending between 20 and 40 hours on a social security case that is not particularly difficulty is a reasonable amount of time.  See Harden v. Comm'r Soc. Sec., 497 F. Supp.2d 1214, 1215-1216 (D. Or. 2007), Patterson v. Apfel, 99 F. Supp.2d 1212, 1215 n. 2 (N.D. Cal. 2000) (citing several cases).  The 32.8 hours counsel is requesting, which lands right in the middle of this scale, is not challenged and appears to be reasonable.

The final issue involved in this fee dispute, is to whom the attorney fee award should be paid.  Plaintiff requests payment of attorney fees directly to counsel; defendant argues payment must be made to plaintiff personally, unless it is determined that plaintiff does not owe a government debt.  In fact, defendant apparently concedes that once a fee award has been determined, the Treasury will determine whether plaintiff owes a federal debt, and if not the government will accept the assignment of fees and will pay counsel directly.

/ / /

---

[2]   Counsel originally requested 29.3 hours, for a total of $4,888.96.  However, in reply to the opposition of his fee request, he is requesting an additional 3.5 hours for drafting the reply.

The undersigned agrees that <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521, 2526-27 (2010), holds that an EAJA fee award is payable to the prevailing party, not the attorney, and is thus subject to offset for any debt owed to the government. To the extent plaintiff argues payment should be made directly to counsel as a representative payee, the court finds it unnecessary to reach such an argument given the Commissioner's concession that if no governmental debt is owed, payment may be made directly to counsel. The Commissioner states "[i]f, after an EAJA fee is awarded to Plaintiff, Treasury determines that Plaintiff does not owe a federal debt, the government will accept the assignment of EAJA fees and pay fees directly to Plaintiff's counsel." (Def. Opp., Doc. 30, at 5). The court accepts this assurance, and once the determination is made as to whether there is an outstanding government debt, payment will be made to counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorney fees (Doc. 29) is granted in the amount of $5,551.80;

2. Following the issuance of this order, the government shall determine whether this award is subject to any offset for debts owed to the government; and

3. Pursuant to the Commissioner's assurance, if no debt is owed, the assignment of EAJA fees will be accepted and payment will be made directly to plaintiff's counsel.

DATED: April 13, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE